AO 91 (Rev. 11/11) Criminal Complaint

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*March 29, 2021*
Nathan Ochsner, Clerk of Court

| United States of America | ) |
|---|---|
| v. | ) |
| Jeremy Myers | ) Case No. **4:21mj0666** |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 19, 2020 to June 22, 2020  in the county of  Harris  in the
Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 846, 841 a(1) and (b)1(B) | Knowingly, intentionally, and unlawfully possess with intent to distribute cocaine, and conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance. In violation of 21 USC Section 846, 841 a (1) and (b)1(B) |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason Rogers, DEA Task Force Officer
*Printed name and title*

Sworn to before me telephonically.

Date: March 29, 2021

_____
*Judge's signature*

City and state:  Houston, Texas

United States Magistrate Judge Frances H. Stacy
*Printed name and title*

## Attachment "A"

Your affiant, DEA Task Force Officer Jason Rogers, being duly sworn, deposes and states the following:

1. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. Since February 2019, agents of the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), Houston Police Department, along with Texas Department of Public Safety (DPS), Deer Park Police Department, Baytown Police Department, Navasota Police Department, Texas Department Criminal Justice (TDCJ), Pasadena Police Department, and the Harris County Precinct Five Constable's Office have been conducting an investigation into the heroin, cocaine and methamphetamine trafficking activity of a Houston based Drug Trafficking Organization (DTO). During the course of this investigation, agents have utilized confidential sources, surveillance, controlled purchases of narcotics, telephone toll analysis, pen registers, precise GPS location services, pen toll analysis, and physical and electronic surveillance to obtain court authorized T-III interceptions of devices carried by multiple targets of this investigation, including cellular telephone number (832) 788-6591 (hereinafter referred to as TD#6), to identify Jeremy MYERS (hereinafter referred to as MYERS) as a multi-kilogram cocaine, methamphetamine and heroin distributor.

3. During this investigation, agents learned that MYERS, a documented Gangster Disciple gang member, was acting in a high ranking position of this DTO, coordinating with multiple sources of supply for methamphetamine, china white heroin, and cocaine. Agents learned and identified multiple locations, including 2530 Yorktown St #290, Houston, Texas, 77056 (hereinafter referred to as 2530 Yorktown #290), a residential property being utilized by this DTO and under the control of MYERS to manufacture, distribute, and stash methamphetamine, china white heroin, and cocaine, along with proceeds from sales of these narcotics.

4. On June 20, 2020, agents conducted physical surveillance in conjunction with T-III interceptions of TD#6 utilized by MYERS in reference to a 3 kilogram cocaine transaction. On this date, monitoring agents heard MYERS contact a female, later identified as Izamar AGUIRRE (hereinafter referred to as AGUIRRE), attempting to purchase up to 3 kilograms of cocaine for approximately $90,000. Agents later learned from monitoring agents that AGUIRRE put MYERS in contact with a male later identified as Manuel MENDOZA-Perales (hereinafter referred to as MENDOZA), who acted as the courier during this transaction. Further T-III interceptions of TD#6 demonstrated AGUIRRE facilitated the narcotics transaction between MYERS and MENDOZA, and they ultimately settled at 2 kilograms of cocaine for $60,000. Agents established surveillance and physically observed MYERS meet with MENDOZA at Ruchi's Mexican Restaurant and escort MENDOZA back to 2530 Yorktown St #290. Agents further learned from T-III interceptions and physical surveillance that MENDOZA left his car in the parking lot of 2530 Yorktown #290 and used a car provided by MYERS to travel to MENDOZA's source of supply in the Conroe, Texas area with the $60,000.00 in cash provided by MYERS to retrieve 2 kilograms of cocaine. Agents learned from T-III interceptions of TD#6 that after MENDOZA retrieved the 2 kilograms of cocaine, MYERS instructed MENDOZA to meet MYERS at a Walgreens store located at the intersection of Sage Rd and Westheimer Rd near the 2530 Yorktown St #290 location. Agents responded to this area and physically observed MENDOZA and MYERS meet at this location and then travel to 2530 Yorktown St #290. MENDOZA then left this location with a second male, later identified as MENDOZA's younger brother Manuel Mendoza (hereinafter referred to as MANUEL). Agents learned from T-III interceptions of TD#6 that MENDOZA had left his 17 year old younger brother MANUEL with MYERS as collateral while MENDOZA travelled with MYERS' money to retrieve the 2 kilograms of cocaine.

5. On June 22, 2020, agents once again established surveillance around MYERS after receiving information from monitoring agents that MYERS was in contact with AGUIRRE again, negotiating another 3-kilogram cocaine transaction. On this date, agents confirmed via physical surveillance and T-III interceptions of TD#6 that MENDOZA was provided a black Dodge Challenger owned by MYERS to travel to the Conroe, Texas area with $60,000 in cash to pick up 2 kilograms of cocaine and then return to 2323 McCue, Houston, Texas to drop off the 2 kilograms of cocaine. Physical surveillance and T-III interceptions confirmed

MENDOZA swapped into a different vehicle, a black Nissan Altima provided by MYERS, to return to the Conroe, Texas area a second time with an additional $30,000.00 in cash provided by MYERS to retrieve the remaining kilogram of cocaine to complete the 3-kilogram cocaine transaction. After MENDOZA retrieved the third kilogram of cocaine, monitoring agents heard MYERS instruct MENDOZA to travel to 2530 Yorktown St #290 to meet. Agents established surveillance and observed the black Altima arrive at 2530 Yorktown St #290 and observed MYERS leave the vicinity of the black Altima and go into apartment #290. Finally agents saw MYERS leave the apartment and get into the Altima with MENDOZA and MANUEL. Within hours, agents obtained and executed a federal search warrant for 2530 Yorktown St #290 and found approximately 2 kilograms of cocaine, 1.25 kilograms of heroin, and smaller amounts of various other narcotics along with a handgun. A female occupant of the apartment explained that MYERS and his sister had exclusive access to a locked room within the apartment where all the narcotics except for one kilogram of cocaine was found. Agents found documents and personal belongings of MYERS throughout the apartment, mainly concentrated in the locked room he controlled.

6. I request that this complaint, affidavit, and arrest warrant be sealed because some targets of this investigation still remain at large, and disclosure of the contents of this affidavit will likely result in their flight from prosecution and destruction of evidence. At-large targets' discovery of the facts and investigation tools (including the T-III interception) referenced in this affidavit will seriously jeopardize this ongoing investigation.

Jason Rogers
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to telephonically on March 29, 2021, and I hereby find probable cause.

Honorable Frances H. Stacy
United States Magistrate Judge